## Keller v. Allentown and Sacred Heart Hospital Center

On March 5, 1979, Travenol Laboratories, Inc. (Travenol) filed preliminary objections to Allentown and Sacred Heart Hospital Center's (Center) third party complaint joining Travenol as an additional defendant, and a brief in support thereof. On May 4, 1979, the Center filed a brief contra to Travenol's preliminary objections.

Travenol first moves for a more specific complaint on the ground that the Center's complaint fails to allege the essential material facts with sufficient specificity to prepare a responsive pleading. Travenol requests that the Center be ordered to amend its complaint to specify the model, make, manufacturing number and date and/or other information that would enable Travenol to identify the intravenous solutions and set-ups which are the subject of the Center's third-party complaint against Travenol. "[A] more specific complaint will not be ordered to develop matters which are essentially evidentiary, if defendant needs information to prepare his answer, it can be developed by discovery." 2 Goodrich-Amram 2d §1017(b):9, p. 65-66. We find that the information which Travenol seeks is evidentiary in nature and should be obtained through discovery. Therefore, we deny Travenol's motion for more specific complaint with regard to the above allegation.

Travenol next moves for a more specific complaint with regard to the factual or legal differences between Counts III and IV of the Center's complaint. We agree with the Center's statement that it is sufficiently clear that Count III states a claim

based upon negligence and Count IV states a claim based upon strict liability in tort. We find no authority for Travenol's statement that as a matter of law plaintiff has no cause of action against Travenol under the Wrongful Death Act on the basis of strict liability in tort because plaintiff was not the ultimate user or consumer. The language of section 402A of the Restatement, 2d, Torts, as adopted by the Supreme Court of Pennsylvania in Webb v. Zern, 422 Pa. 424, 220 A. 2d 853 (1966), states only that the physical harm has to be suffered by the ultimate user or consumer. It does not require that plaintiff be the ultimate user or consumer. Additionally, "[t]he Supreme Court has in several cases announced the principle that the statutory action for wrongful death is a derivative one, having for its basis the same tortious act which would have supported the injured party's own cause of action." Standard Pennsylvania Practice, Vol. 11, Ch. 44, §13, p. 16. "Strict liability in tort has made its appearance in relatively few cases, but there appears to be no reason to doubt that it is included within the death acts." William L. Prosser, Law of Torts (Fourth Edition, 1971), p. 903. See generally Berkebile v. Brantley Helicopter Corp., 462 Pa. 83, 337 A. 2d 893 (1975) (strict liability action brought pursuant to the Wrongful Death Act). Therefore, we also deny Travenol's motion for more specific complaint as to Counts III and IV.

## ORDER

And now, May 30, 1979, upon consideration of Travenol Laboratories, Inc.'s preliminary objections to Allentown and Sacred Heart Hospital Center's third-party complaint joining Travenol as

an additional defendant, and the briefs in support and opposition thereto, it is hereby ordered and decreed that said preliminary objections are denied.